728

STATE, Use of BLANKENSHIP, Etc. v. PALMER

[No. 32, September Term, 1965.]

Decided December 13, 1965.

The cause was argued before Prescott, C. J., and Hammond, Horney, Oppenheimer and McWilliams, JJ.

*Earl H. Davis* for the appellant.

Submitted on brief by *Hal C. B. Clagett* and *Sasscer, Clagett, Powers & Channing* for the appellee.

PER CURIAM.

After an adverse jury verdict rendered in the Circuit Court for Prince George's County, the equitable plaintiff, a mother of an eight-year-old daughter who was killed by an automobile while roller skating, appealed.

Only two questions are presented: (1), Did the trial judge err in refusing plaintiff's instruction No. 3?; and (2), Did he commit prejudicial error in not instructing, *sua sponte,* the jury on the doctrine of last clear chance?

No benefit will result if we set forth plaintiff's requested instruction No. 3 in full. It begins, "The Court instructs the jury that there being *no evidence in this case of want of due care on the part of Doris Blankenship,* the decedent child, for own safety, * * *." (Italics ours.) This is a false postulate in the prayer; there *was* evidence in the case which, if believed by the jury, would have justified a finding of contributory negligence. Moreover, an examination of the court's charge relative to contributory negligence discloses it to be adequate.

In regard to the second question, apart from the fact that there was no request for an instruction relative to last clear chance or objection to its omission from the charge, Maryland Rule 554, the factual situation, as developed in the trial, did not justify such an instruction.

*Judgment affirmed; appellant to pay the costs.*